Burke I. Burke, J.
The defendant, charged with homicide, was surrendered by one of his attorneys to the police. The attorney, in the presence of the defendant and police, instructed his client to make no statements and requested the police to conduct no interrogation.
Within a few hours thereafter, police obtained a warrant from a Buffalo City Court Judge to search the defendant’s home for a shotgun allegedly used in the commission of the homicide. The warrant was executed by police over the objection of another defense attorney, on active duty at the defendant’s home, where police seized a shotgun and box of shells.
Defendant moves to suppress these articles and to bar their use at trial upon grounds that they were seized illegally in violation of the defendant’s constitutional rights.
The defendant argues (1) that the articles are mere evidence, citing several United States Supreme Court cases dealing with the seizure of personal or business papers, and (2) that the search was illegal because it was conducted after the defendant had obtained counsel.
The articles seized are within three of the four subdivisions of section 792 of the Code of Criminal Procedure, describing property subject to seizure under a warrant. Although section 792 specifically includes a provision for the seizure of evidence, the shotgun is more in the nature of an instrumentality of crime, as referred to in subdivision 3 of the section.
The defendant further contends that since the prosecution may not compel an accused to produce evidence against himself, the prosecution may not seize the same evidence from the defendant by use of a search warrant, not dependent on defendant’s speech and/or conduct.
If the home of a prospective defendant were immune to police investigation under these or similar circumstances, as urged here, it could lead to ridiculous ends. For example, a defendant shoots and kills a person in the street, moves the body and weapon into his home, and then surrenders to police and asserts his constitutional rights. According to the theory of the defense, this procedure would prevent police from searching for the body or weapon, even though they acquired knowledge from another source.
The motion to suppress the articles seized is denied. The motion to suppress the statements, if any, of defendant, is deferred until the time of a Huntley hearing (15 N Y 2d 72), in accordance with the rules of the court. The motion to dismiss the indictment is denied. The remaining motion, to inspect the shotgun, is granted under conditions to be fixed by the court.